**FILED**

April 5, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:_____DT_____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

**Case No: EP:23-CR-00656-DCG**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | **I N D I C T M E N T** |
| § | |
| **v.** § | **Counts 1-5:** 26 U.S.C. § 7206(1) – Filing |
| § | False Tax Returns |
| **NAPOLEON ANIBAL CAMPOS Jr.,** § | |
| § | *Notice of Government's Demand for* |
| **Defendant.** § | *Forfeiture* |
| § | |
| § | |

THE GRAND JURY CHARGES THAT:

<u>**COUNT ONE**</u>
(26 U.S.C. § 7206(1))

On or about March 5, 2017, in the Western District of Texas and elsewhere, defendant,

**NAPOLEON ANIBAL CAMPOS Jr.,**

a resident of El Paso, Texas, did willfully make and subscribe a 2016 IRS Form 1040, which was

verified by a written declaration that it was made under the penalties of perjury and which

**NAPOLEON ANIBAL CAMPOS Jr.** did not believe to be true and correct as to every material

matter. That 2016 IRS Form 1040, which the Defendant prepared and signed in the Western District

of Texas and the Southern District of Texas and filed with the Internal Revenue Service, falsely

stated on Line 43 a taxable income of $12,364.00, whereas, as he then and there knew, that

misrepresented his taxable income, in violation of Title 26, United States Code, Section 7206(1).

<u>**COUNT TWO**</u>
(26 U.S.C. § 7206(1))

On or about March 18, 2018, in the Western District of Texas and elsewhere, defendant,

**NAPOLEON ANIBAL CAMPOS Jr.,**

a resident of El Paso, Texas, did willfully make and subscribe a 2017 IRS Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which **NAPOLEON ANIBAL CAMPOS Jr.** did not believe to be true and correct as to every material matter. That 2017 IRS Form 1040, which the Defendant prepared and signed in the Western District of Texas and filed with the Internal Revenue Service, falsely stated on Line 43 a taxable income of $5,346.00, whereas, as he then and there knew, that misrepresented his taxable income, in violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE
(26 U.S.C. § 7206(1))

On or about April 16, 2019, in the Western District of Texas and elsewhere, defendant,

**NAPOLEON ANIBAL CAMPOS Jr.,**

a resident of El Paso, Texas, did willfully make and subscribe a 2018 IRS Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which **NAPOLEON ANIBAL CAMPOS Jr.** did not believe to be true and correct as to every material matter. That 2018 IRS Form 1040, which the Defendant prepared and signed in the Western District of Texas and filed with the Internal Revenue Service, falsely stated on Line 10 a taxable income of $116,212.00, whereas, as he then and there knew, that misrepresented his taxable income, in violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR
(26 U.S.C. § 7206(1))

On or about April 23, 2020, in the Western District of Texas and elsewhere, defendant,

**NAPOLEON ANIBAL CAMPOS Jr.,**

a resident of El Paso, Texas, did willfully make and subscribe a 2019 IRS Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which

**NAPOLEON ANIBAL CAMPOS Jr.** did not believe to be true and correct as to every material matter. That 2019 IRS Form 1040, which the Defendant prepared and signed in the Western District of Texas and filed with the Internal Revenue Service, falsely stated on Line 11b a taxable income of $58,628.00, whereas, as he then and there knew, that misrepresented his taxable income, in violation of Title 26, United States Code, Section 7206(1).

**COUNT FIVE**
(26 U.S.C. § 7206(1))

On or about March 29, 2021, in the Western District of Texas and elsewhere, defendant,

**NAPOLEON ANIBAL CAMPOS Jr.,**

a resident of El Paso, Texas, did willfully make and subscribe a 2020 IRS Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which **NAPOLEON ANIBAL CAMPOS Jr.** did not believe to be true and correct as to every material matter. That 2020 IRS Form 1040, which the Defendant prepared and signed in the Western District of Texas and filed with the Internal Revenue Service, falsely stated on Line 15 a taxable income of $183,253.00, whereas, as he then and there knew, that misrepresented his taxable income, in violation of Title 26, United States Code, Section 7206(1).

**NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE**
[*See* **Fed. R. Crim. P. 32.2**]

**I.**
**Filing False Tax Returns Violation and Forfeiture Statues**
**[Title 26 U.S.C. § 7206(1), subject to forfeiture pursuant to Title 26 U.S.C. §§ 7301(a) – (e)**
**and 7302, as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts One through Five, the United States gives notice to Defendant **NAPOLEON ANIBAL CAMPOS Jr.** of its intent to seek the forfeiture of certain property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 26 U.S.C. §§ 7301(a) – (e) and 7302, as made applicable to criminal forfeiture by Title 28 U.S.C. §

3

2461(c), which state:

**Title 26 U.S.C. § 7301.  Property subject to tax**
  **(a)  Taxable Articles**
   Any property on which, or for or in respect whereof, any tax is imposed by this title which shall be found in the possession or custody or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which is removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof, may be seized, and shall be forfeited to the United States.

  **(b)  Raw Materials**
   All property found in the possession of any person intending to manufacture the same into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax, may also be seized, and shall be forfeited to the United States.

  **(c)  Equipment**
   All property whatsoever, in the place or building, or any yard or enclosure, where the property described in subsection (a) or (b) is found, or which is intended to be used in the making of property described in subsection (a), with intent to defraud the United States of tax or any part thereof, on the property described in subsection (a) may also be seized, and shall be forfeited to the United States.

  **(d)  Packages**
   All property used as a container for, or which shall have contained, property described in subsection (a) or (b) may also be seized, and shall be forfeited to the United States.

  **(e)  Conveyances**
   Any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of property described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a), may also be seized, and shall be forfeited to the United States.

**Title 26 U.S.C. § 7302.  Property used in violation of internal revenue laws**
   It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue law, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property.  A search warrant may issue as provided in chapter 205 of title 18 of the United States Code and the Federal Rules of Criminal Procedure for the seizure of such property.  Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal revenue laws, or of any other law.  The seizure and forfeiture of any property under the provisions of this section and the disposition of such property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such property, shall be in accordance with existing laws or those hereafter in existence relating to

4

seizures, forfeitures, and disposition of property or proceeds, for violation of the internal revenue laws.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____

Assistant U.S. Attorney